JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| INMATE # F21722 | CASE NUMBER |
|---|---|
| RONNY LUCKETT, ET AL., | ED CV 17-00442 RGK (AFM) |
| PLAINTIFF(S) | |
| v. | |
| LT. MARTIN, ET AL., | ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____        _____
Date                                                        United States Magistrate Judge

---

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☒ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☒ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☒ Other __Attempt to represent other pro se plaintiffs__

- ☒ ~~Frivolous, malicious, or~~ fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☐ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. See *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:

__3/20/2017__                                    __[signed] Oly Mack__
Date                                                        United States Magistrate Judge

---

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).
- ☐ **DENIED.** Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
- ☒ **DENIED, and this case is hereby DISMISSED immediately.**
- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

__March 22, 2017__                              __[signed] Gary Klausner__
Date                                                        United States District Judge

CV-73P (08/16)        ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

Ronny Luckett, et al. v. Lt. Martin, et al.
Case Number ED CV 17-0042 RGK (AFM)

First, the Complaint is only signed by Ronny Luckett, but it lists several individuals as plaintiffs. As a *pro se* litigant, Luckett cannot raise the claims of others. *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990) (*pro se* litigant does not have standing to raise the claims of other persons whose rights may have been violated); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney "has no authority to appear as an attorney for others than himself").

Second, even if Luckett proceeded alone or the other plaintiffs signed an amended pleading, the factual allegation cannot give rise to a claim pursuant to Religious Land Use and Institutionalized Persons Act (RLUIPA) or the First Amendment. Plaintiffs seek only damages, but RLUIPA does not provide for monetary damages against state officials. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Further, they have not alleged a "substantial burden" on the practice of their religion as required to state a claim pursuant to RLUIPA because they allege only an isolated incidence of the failure of prison officials to follow the institution's practices in providing meals during Ramadan. The Ninth Circuit has held that "a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005). Nor can they raise a First Amendment claim from the one-time deprivation of religious meals. *See, e.g., Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (holding that "short-term and sporadic" interference with free exercise rights does not violate the First Amendment).